JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 20-1008 JGB (SHKx)** | Date | June 30, 2020 |
|---|---|---|---|
| Title | ***Betty Sell v. Rebecca Cabral, et al.*** | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order (1) GRANTING Plaintiff's Motion for Remand (Dkt. No. 13); (2) REMANDING This Matter to Riverside County Superior Court; (3) GRANTING-IN-PART and DENYING-IN-PART Plaintiff's Motion for Sanctions (Dkt. No. 13); (4) AWARDING Plaintiff $3,080.00 in Attorneys' Fees; and (5) VACATING the July 6, 2020 Hearing (IN CHAMBERS)

    Before the Court are Plaintiff Betty Sell's motion to remand the case to Riverside County Superior Court ("MTR," Dkt. No. 13 at 1–8) and motion for monetary sanctions ("MFS," id. at 8–10, and collectively, "Motions"). The Court determines the Motions are appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of and in opposition to the Motions, the Court GRANTS the MTR and REMANDS this matter to Riverside County Superior Court. The Court also GRANTS-IN-PART and DENIES-IN-PART the MFS and AWARDS Plaintiff $3,080.00 in attorneys' fees. The hearing set for July 6, 2020 is VACATED.

## I. BACKGROUND

    On March 12, 2020, Plaintiff filed a complaint in Riverside County Superior Court alleging violations of California law against Defendants Garfield Beach CVS, LLC ("Removing Defendant" or "CVS") and Rebecca Cabral arising out of personal injuries allegedly sustained by Plaintiff during a March 16, 2018 visit to a CVS Pharmacy. ("Complaint," Dkt. No. 1-1.) The Complaint alleges three causes of action: (1) negligence pursuant to a premises liability theory;

(2) a strict products liability theory; and (3) breach of implied and express warranties. (Id. at 7–8.) On May 8, 2020 CVS removed the matter. ("Notice of Removal" or "NOR," Dkt. No. 1.)

On June 6, 2020, Plaintiff filed the Motions. (See MTR; MFS.) In support of the Motions, Plaintiff filed the declaration of Matthew B. Roberts ("Roberts Declaration," Dkt. No. 14) and six exhibits ("Exhibits 1–6," Dkt. Nos. 14-1-6). On June 12, 2020, CVS opposed the Motions. ("Opposition," Dkt. No. 17.) On June 19, 2020, Plaintiff replied. ("Reply," Dkt. No. 18.)

## II. LEGAL STANDARD

### A. Remand and Fraudulent Joinder

Pursuant to 28 U.S.C. § 1441(a), a defendant has the right to remove a matter to federal court where the district court would have original jurisdiction. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Federal district courts have original jurisdiction over civil actions in which complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). "Complete diversity" means that "each defendant must be a citizen of a different state from each plaintiff." In re Digimarc Corp. Derivative Litigation, 549 F.3d 1223, 1234 (9th Cir. 2008).

Removal statutes are to be strictly construed, Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992), and the party seeking removal bears the burden of proving its propriety, Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). See Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 683-85 (9th Cir. 2006); see also Calif. ex. rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) ("[T]he burden of establishing federal jurisdiction falls to the party invoking the statute[.]"). "[A]ny doubt about the right of removal requires resolution in favor of remand." Moore–Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus, 980 F.2d at 566).

Removal is proper despite the presence of a non-diverse defendant where that defendant is a fraudulently joined or "sham" defendant. Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998). "There are two ways to establish fraudulent joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" GranCare, LLC v. Thrower, 889 F.3d 543, 548 (9th Cir. 2018) (quoting Hunter v. Phillip Morris USA, 582 F.3d 1039, 1044 (9th Cir. 2009)). A defendant invoking the latter must show that there is no "possibility that a state court would find that the complaint states a cause of action against any of the resident defendants[.]" Id. (internal quotations and citations omitted). Moreover, defendants asserting fraudulent joinder bear a "heavy burden" because of the presumption against finding defendants were fraudulently joined. Id.

### B. Sanctions

Pursuant to 28 U.S.C. § 1447(c), an order remanding a removed case to state court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Beltran v. Monterey Cty., 2009 WL 585880, at *3 (N.D. Cal. Mar. 6, 2009) (quoting Martin v. Franklin Capital Corp., 546 U.S. 132, 137 (2005)); see also Cohen v. Colorado Elec. Supply Ltd., 2008 WL 4722528, at *3 (C.D. Cal. Oct. 20, 2008). The Supreme Court has considered when attorney's fees should be awarded under section 1447(c) and held that "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." Martin, 546 U.S. at 141. "In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case." Id.

## III. DISCUSSION

### A. MTR

Plaintiff moves the Court to remand this matter for lack of jurisdiction. (See MTR.) As Plaintiff correctly points out, the parties lack complete diversity because Sell and Cabral are both allegedly citizens of California. (Id. at 3.) In response, CVS argues that Cabral was fraudulently joined to this matter to avoid diversity jurisdiction and that the Court should ignore her for purposes of determining diversity jurisdiction. (Opposition at 1; see also NOR at 2.) The Court finds that Cabral was properly joined as a party and that it therefore lacks jurisdiction over this matter.

"[T]he burden of establishing federal jurisdiction falls to the party invoking the [removal] statute[.]" Dynegy, Inc., 375 F.3d at 838. At minimum, removal on the basis of diversity requires "complete diversity," or that each plaintiff retains different citizenship from each defendant. GranCare, LLC, 889 F.3d at 548 (9th Cir. 2018) (citing Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996)). Despite this basic requirement, courts may ignore the citizenship of a party who was fraudulently joined to a proceeding. Id. Where a defendant does not allege actual fraud in the pleading process, the only way to establish fraudulent joinder is to demonstrate the "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Id. (internal quotations omitted).

As this Court has previously emphasized, "the test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent. Rather than merely showing that the plaintiff has not alleged facts plausibly stating a claim for relief, a defendant must show that there is no *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants[.]" Herrera v. Pier 1 Imports U.S., Inc., 2019 WL 3562668, at *2 (C.D. Cal. Aug. 5, 2019) (emphasis in original) (internal quotations and citations omitted). To meet this "heavy burden" and overcome the presumption of a valid joinder, a defendant "must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant… remand must be granted unless the defendant shows that the plaintiff would

not be afforded leave to amend his complaint to cure [the] purported deficiency." Padilla v. AT & T Corp., 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (internal quotations omitted).

Here, CVS removed this matter despite a lack of complete diversity because it argues that Cabral was fraudulently joined to defeat diversity jurisdiction. (NOR at 2.) In support of its claim, CVS contends that Plaintiff fails to plausibly allege Cabral's connection to Plaintiff's injury. (Opposition at 2.) However, the relevant standard is not whether Plaintiff plausibly alleges Cabral's liability. Instead, CVS must establish that Plaintiff could not possibly establish Cabral's liability under any set of consistent allegations. Carrillo v. FCA US LLC, 2020 WL 2097743, at *3 (C.D. Cal. May 1, 2020) ("When determining fraudulent joinder the question is not whether the current allegations state a claim, but whether it would be possible for plaintiff to amend[] with additional allegations that could state a claim.") (citing Gayou v. Ford Motor Co., 2019 WL 1325846, at *3 (C.D. Cal. Mar. 25, 2019)).

On that point, California law is clear; a plaintiff can establish negligence under a premises liability theory. Brooks v. Eugene Burger Management Corp., 215 Cal. App. 3d 1611, 1619 (1989). To allege negligence pursuant to such a theory, a plaintiff "must [allege] that [1] the defendant owned or controlled the property, [2] that the defendant was negligent in the use or maintenance of the property, [3] that the plaintiff was harmed, and [4] that the defendant's negligence was a substantial factor in causing the harm." Carter v. Nat'l R.R. Passenger Corp., 63 F. Supp. 3d 1118, 1144 (N.D. Cal. 2014). "A person who owns or controls property is negligent if he or she fails to use reasonable care to discover any unsafe conditions and to repair, replace, or give adequate warning of anything that could be reasonably expected to harm others." Id. at 1144-45.

Here, Plaintiff alleges that she was injured after sitting on a defective stool in the subject CVS store. (Complaint at 7.) Cabral is the store manager of the CVS store in which Plaintiff was injured. (NOR at 2.) While the Complaint may fail to plausibly allege Cabral's liability, Plaintiff could amend her allegations to allege that Cabral sufficiently "controlled the property" the day Plaintiff was injured. See, e.g., Ward v. Equilon Enterprises, LLC, 2012 WL 13055872, at *3 (N.D. Cal. Jan. 13, 2012) (finding that company exerted sufficient control over gas station premises in-part because it "directed the dumping procedures[] and controlled the safety" of the premises); Alcaraz v. Vece, 14 Cal. 4th 1149, 1162 (1997) ("A defendant need not own, possess and control property in order to be held liable; control alone is sufficient."); Chance v. Lawry's, Inc., 58 Cal. 2d 368, 376 (1962) (affirming verdict finding general manager and independent contractor negligent under premises liability theory and explicitly highlighting the latter's degree of control over the property).

Cabral's testimony that she was not aware of the defect or responsible for the maintenance or defect of the allegedly defective stool is irrelevant to whether Plaintiff can state a claim. Plaintiff alleges that Cabral "[placed] no warning signs to warn the customers of [the stool]… and elected to have the stool in front of the store[,] creating the [dangerous] condition." (Complaint at 7.) A failure to warn invitees of a dangerous condition discoverable with reasonable care is a viable theory of negligence. Carter v. Nat'l R.R. Passenger Corp., 63 F. Supp. 3d 1118, 1144-45 ("A person who… controls property is negligent if he or she fails to use reasonable care to discover any unsafe conditions and to… give adequate warning of anything

that could be reasonably expected to harm others."); see also Alcaraz, 14 Cal. 4th at 1153 (finding control over property imposed duty to warn of dangerous condition).

Finally, Cabral's conclusory statement that she "ha[s] never owned, leased, occupied or controlled the subject CVS store" is insufficient for CVS to meet its "heavy burden" to establish fraudulent joinder and justify removal. (NOR at 8.) The Court thus finds that Plaintiff could possibly allege Cabral's liability and that she was properly joined as a party.

Last, the Court notes CVS's contention that Cabral was fraudulently joined because CVS is "a business entity of significant size and assets, and if the case were to go to trial and Plaintiff prevails, any judgment would be satisfied by this entity, and not an individual store manager, whose assets obviously are much more modest than her employer's." (Opposition at 3.) CVS's argument is specious. The only issue at hand is whether "there is [a] possibility that a state court would find that the complaint states a cause of action against any of the resident defendants." Herrera, 2019 WL 3562668, at *2 (emphasis removed) (internal quotations and citations omitted). The sole question is whether Plaintiff can possibly state a claim against Cabral; that CVS might indemnify Cabral for her potential personal liability is irrelevant. The Court GRANTS the MTR and REMANDS this matter to Riverside County Superior Court.[1]

## B.  MFS

Plaintiff moves the Court to sanction CVS for its removal and award her attorneys' fees. (See MFS.) "[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." Martin, 546 U.S. at 141. While admittedly a difficult standard to meet, CVS has failed to establish a reasonable basis for removal. CVS's three-page Opposition ignores Plaintiff's citations to relevant law supporting the proposition that general managers of a store can be held liable for their failure to maintain the premises. The Opposition and NOR similarly ignore Plaintiff's allegations that CVS and Cabral failed to warn Plaintiff of a self-created dangerous condition. Despite acknowledging that Plaintiff need only argue that there is some possibility it could prevail on its causes of action against Cabral, and despite Plaintiff explicitly identifying a viable legal theory in her memorandum of points and authorities, the totality of CVS's argument consists of the erroneous assertion that "Plaintiff does not explain how, if at all, she could amend the Complaint to state a viable claim against Cabral individually." (Opposition at 2.) In light of the straightforward legal basis for Plaintiff's claim against Cabral and CVS's failure to meaningfully respond to Plaintiff's most significant arguments or allegations, the Court finds that CVS did not have an objectively

---

[1] In the NOR, CVS states that Plaintiff "had not yet served… Cabral" as of the filing of the NOR. (NOR at 6.) The NOR does not expand on whether Cabral's lack of service was a basis for removal. Likewise, in the Opposition, CVS omits mention of improper service of Cabral as a reason for removal. The Court therefore does not address whether improper service of the only non-diverse defendant in a case is sufficient to warrant removal.

reasonable basis for removal.² Powers v. Ford Motor Co., 2019 WL 1557451, at *2 (C.D. Cal. Apr. 10, 2019) (finding no reasonable basis for removal where defendant failed to rebut case law cited by plaintiffs and argued that plaintiffs' claims were implausible rather than impossible).

Plaintiff's counsel requests $3,360.00 in attorneys' fees incurred in connection with litigation over CVS's removal. (Roberts Declaration ¶ 12.) Plaintiff's counsel arrived at that figure by multiplying 11.2 hours of work and anticipated work by his hourly rate of $400.00. (Id. ¶¶ 9–11.) Plaintiff's counsel then reduced his lodestar calculation by 25%, to arrive at the final requested amount of $3,360.00. (Id. ¶ 12.)

The Court finds counsel's hourly rate and the amount of time spent on litigating removal mostly reasonable.³ However, Plaintiff's counsel billed 3.5 hours of anticipated work for a hearing on the Motions. (Id. ¶ 9.) Because no hearing on the Motions will be held, it would be unreasonable to award counsel fees for those hours. The Court therefore GRANTS-IN-PART and DENIES-IN-PART the MFS and AWARDS attorneys' fees to be paid by CVS to Plaintiff in the amount of $3,080.00.⁴

## IV.   CONCLUSION

The Court GRANTS the MTR and REMANDS this matter to Riverside County Superior Court. The Court GRANTS-IN-PART and DENIES-IN-PART the MFS and AWARDS Plaintiff $3,080.00 in attorneys' fees. The hearing set for July 6, 2020 is VACATED. The Clerk is directed to close the case.

**IT IS SO ORDERED.**

---

² The Court notes that CVS does not even argue that its basis for removal was reasonable. Rather, it solely challenges Plaintiff's calculation of attorneys' fees and urges the Court to deny the MFS on that basis. (See Opposition at 3.)

³ Plaintiff's counsel testifies by declaration that he is "familiar with the hourly rates charged by attorneys practicing civil litigation in Los Angeles. Attorneys with [his] level of experience regularly bill their clients in excess of $650 per hour to litigate cases in United States District Court." (Roberts Declaration ¶ 11.) While a simple declaration stating a reasonable hourly rate in a district is typically insufficient evidence to award attorneys' fees, the Court determines counsel's hourly rate is reasonable for two reasons. First, the Court has previously found that reasonable hourly rates in similar civil litigation for products liability can range between $325 to $825 an hour. Powers, 2019 WL 1557451, at *3 (holding as much). Second, CVS's failure to rebut the Roberts Declaration with any evidence means the declaration is effectively unopposed by any information to the contrary. Accordingly, the Court finds that the hourly rate is reasonable.

⁴ Hours billed (7.7) x hourly rate ($400) = $3,080.00.